IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY LEE RAGAIN,           )<br>                                             )<br>     Plaintiff,                        )<br>                                             )<br>     v.                                   )<br>                                             )<br>KARA N. BYRD and AMAZON.COM LLC, )<br>                                             )<br>     Defendants.                   )<br>                                             ) | Case No. 22-cv-2443-SMY-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion for Protective Order by Amazon.com LLC ("Amazon") that was referred to the undersigned by District Judge Yandle, pursuant to the Federal Magistrate Act (as amended), 28 U.S.C. §636(b)(1)(A).  Docs. 36 and 38.  Plaintiff filed a Response.  Doc. 37.  As explained further, Defendant's Motion is GRANTED IN PART AND DENIED IN PART.

This case arises from a motor vehicle accident between Plaintiff and Defendant Kara Byrd. Plaintiff alleges that at the time of the accident, Defendant Byrd was acting as an agent and employee of Defendant Amazon.  Amazon filed the instant motion prior to producing any documents in discovery, contending that a protective order was necessary to protect "confidential and proprietary trade secrets and information."

For good cause, the Court may enter a protective order to safeguard "trade secret[s] or other confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G). The movant must show specific facts that justify "shielding relevant information from public

Page **1** of **8**

disclosure." *Global Material Technologies, Inc. v. Dazheng Metal Fibre Co., Ltd.,* 133 F. Supp.3d 1079, 1083-84 (N.D. Ill. 2015) (*citing Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Here, Amazon's motion contained only generalities about the types of information that the parties *may* decide should be kept confidential. Had the undersigned entered Amazon's proposed order, the parties would then decide among themselves which documents were subject to it.[1] Doc. 36-2. It is the Court's role to determine which specific documents (or specific types of documents) in a case are subject to protective order, and that task cannot be delegated to the parties. *Citizens First Natl'l Bank of Princeton*, 178 F.3d at 945.

With these principles in mind, the Court ordered that the parties appear for a hearing and be prepared to discuss any specific documents to be produced subject to Protective Order. Doc. 40. Amazon's counsel described the following types of documents:

> (1) Contract between Amazon and Kara Byrd;
>
> (2) Amazon's dispatch records;
>
> (3) Amazon's routing data;
>
> (4) Amazon's insurance policy;
>
> (5) Amazon's incident reports related to this case; and
>
> (6) The "background information" Amazon collected regarding Kara Byrd.

At the hearing, Amazon sufficiently described why the above documents required protection. Subjects 1-4 all involve logistics between Amazon and its drivers, and those logistics allow Amazon to complete deliveries at a speed and cost its competitors would undoubtedly like

---

[1] Such a task would have likely been difficult, as Plaintiff opposed placing *any* documents subject to protective order.

to emulate.  As for Amazon's insurance policy, Amazon's counsel represents that it is not a "run of the mill" policy because Amazon negotiates certain rates and provisions and coverage that, again, allow it to complete deliveries at a certain low cost (which is passed on to its customers). The information contained in Amazon's incident reports and the background information Amazon collected regarding Kara Byrd are not proprietary, but the software that Amazon uses for this information was developed and maintained by Amazon and production of those documents would necessarily include the software's proprietary information.  Accordingly, the Court finds that good cause exists to enter a protective order regarding the six aforementioned specific items (hereinafter, "Confidential Material").

Within Amazon's proposed protective order, Amazon asks that it be allowed to designate certain documents as "Attorney's Eyes Only." Such a designation is only made in the rarest of circumstances, when the movant can show that disclosure to the other parties themselves (i.e., Kara Byrd and Jerry Lee Ragain) would likely lead to Amazon's competitors learning its trade secrets. *Global Material Technologies, Inc.*, 133 F. Supp. 3d at 1084.  Amazon has not made such a showing and therefore nothing in this Order should be construed as designating any material as "Attorney's Eyes Only."

Accordingly, the Court ORDERS that Confidential Material in this case be subject to the following provisions:

**1.**   Confidential Material shall not be used or disclosed or disseminated by the parties, counsel for the parties or any other persons identified in paragraph (2) for any purpose whatsoever other than in this litigation, including any appeal thereof.  **Amazon.com, LLC is responsible for placing a label that clearly states "Confidential Material" on each page of every document that is subject to this protective order.**

2. **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Material to any third person or entity except as set forth in subparagraphs (a)-(i). Subject to these requirements, the following categories of persons may be allowed to review Confidential Material:

(a) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

(b) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(c) **The Court and its personnel**;

(d) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(e) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(f) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(g) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Material pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(h) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of

litigation); and

(i) **Others by Consent**.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

3. **Depositions**. Portions of depositions shall be deemed "Confidential Material" if designated as such when the deposition is taken. To the extent Confidential Material is used in the taking of depositions, it shall remain subject to the provisions of this Protective Order.

4. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Material.  Counsel is responsible for informing those individuals listed in subparagraphs (a)-(i) of paragraph 2 of the provisions of this Order.  If a receiving party learns of any unauthorized disclosure of Confidential Material, the party shall immediately inform Amazon.com LLC's attorneys and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

5. **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential Material does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a party designates a document as Confidential Material after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been

designated Confidential Material, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Material.

6. **Filing of Confidential Material.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Material in connection with a motion, brief or other submission to the Court must comply with Federal Rule of Civil Procedure 5.2.

7. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

8. **Challenges by a Party to Designation as Confidential Material.** The designation of any material or document as Confidential Material is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Confidential Material must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material

and sets forth in detail the basis for the challenge.

9. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. To the extent that Amazon.com LLC requests special protections for the Confidential Material at trial, that motion must be made to the trial judge.

10. **Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within thirty days after entry of final judgment or conclusion of appeal, all Confidential Material shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product. Any retained Confidential Material shall continue to be protected under this Order.

11. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with

standing concerning the subject matter.

12. This Order is entered based on the representations of Amazon.com LLC and for the purpose of facilitating discovery.

13. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

**DATED:  December 19, 2023**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**